CIVIL ACTION INFORMATION STATEMENT
CIVIL CASES

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED
2018 JAN -2 P 3: 23
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

April Youst,

    Plaintiff,

v.

Civil Action No.: 18-C-6

Kaufman

C.O. James Widen, individually and in his official capacity as a correctional officer of The West Virginia Division of Corrections; and The West Virginia Division of Corrections; and John Doe, unknown person or persons,

    Defendants.

| | Days to Answer | Type of Service |
|---|---|---|
| **C.O. James Widen**<br>Unknown Address | 20 | **Personal Service**<br>**Return to Plaintiff's Counsel** |
| **WVDOC**<br>1409 Greenbrier Street<br>Charleston, WV 25311 | 30 | **Personal Service**<br>**Return to Plaintiff's Counsel** |

Original and 2 copies of Complaint furnished herewith.

**PLAINTIFF:**    April Youst

**DEFENDANT:**    C.O. James Widen
                      West Virginia Division of Corrections
                      John Doe

**CASE NO.:**

| TORTS | | |
|---|---|---|
| ASBESTOS | ADOPTION | APPEAL FROM MAG. COURT |
| PROFESSIONAL MALPRACTICE | CONTRACT | PYMT Type ___ $200 ✓ $135 ___<br>Rcpt # 5576216 ___<br>Iss. Sum. +2 cc ___ No Sum. Iss ___<br>Ret. to Atty. ___ $20cm X ___<br>Mailed CM/RM ___ $5 clk X ___<br>Mailed to sos w/ck# ___<br>Sent to ___ w/ck# ___ ✓ $15 mdf X 2 |

Exhibit 1

|  |  | PETITION FOR MODIFICATION OF MAG. SENTENCE |
|---|---|---|
| XX PERSONAL INJURY | REAL PROPERTY | MISCELLANEOUS CIVIL |
| PRODUCT LIABILITY | MENTAL HEALTH | OTHER |
| OTHER TORT | APPEAL OF ADMINSTRATIVE AGENCY |  |

III.  **JURY DEMAND:**   XX  YES              NO

IV.  **DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?**

                              YES        XX   NO

   IF YES, PLEASE SPECIFY:
   Wheelchair accessible hearing room and other facilities
   Interpreter or other auxiliary aid for the hearing impaired
   Reader or other auxiliary aid for the visually impaired
   Spokesperson or other auxiliary aid for the speech impaired
   Other: _____

Attorney Name:   Michael A. Woelfel           Representing:
                 801 Eighth Street            XX Plaintiff    Defendant
                 Huntington, WV 25701
                 (304) 522-6249

Dated: 12/27/17                    _____
                                         Signature

Exhibit 1

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**April Youst,**

      **Plaintiff,**

v.                                      Civil Action No.: 18-C-6 Kaufman

**C.O. James Widen, individually and in his official capacity as a correctional officer of The West Virginia Division of Corrections; and The West Virginia Division of Corrections; and John Doe, unknown person or persons,**

      **Defendants.**

## COMPLAINT

This is an action to redress the deprivation of plaintiff's rights, privileges and immunities protected by the Constitution and laws of the United States of America, 42 USC § 1983, and otherwise, and asserts claims arising from, statutes, promulgated rules and the common law of the State of West Virginia.

1. Plaintiff's relief sought is limited to coverage afforded by applicable liability insurance policies. The defendant agency may be referred to below as the "WVDOC," "West Virginia Division of Corrections" or "agency." It violated clearly established law and violated plaintiff's clearly established legal rights and each such act and omission was a cause of, and contributor to, plaintiff's sexual abuse.

2. Plaintiff is a citizen of the United States and of the State of West Virginia and was sexually harassed, sexually abused and sexually exploited by defendant Widen at Huntington Work Release Center. Defendant Widen was employed by the agency defendant as a correctional officer. Defendant Widen, while assigned by defendant Doe to supervise plaintiff, sexually harassed her and made sexually exploitive comments to her. Defendant Widen made remarks to plaintiff seeking sexual favors and engaged in sexual abuse visited upon her.

Exhibit 1

Each act of unwelcome verbal, non-verbal, physical and visual sexual harassment and sexual abuse took place while plaintiff was under Widen's direct supervision. Plaintiff suffered reasonable fear of retaliation. Defendant Widen utilized a position of authority over the plaintiff so as to coerce sexual favors from her. Defendant Widen's conduct was intended to satisfy his prurient interests and lascivious desires. Defendant Doe, at all times relevant, held a rank above Widen at Huntington Work Release Center. Defendant Doe was charged with general supervision and assignment of security staff including defendants Doe and Widen and assigned Doe and Widen to supervise plaintiff and other women so situate.

3. Defendant, The West Virginia Division of Corrections (the agency or agency defendant), at all times material to this action, was the duly constituted state governmental agency charged with operation of Huntington Work Release Center, Cabell County, West Virginia. Its supervisory personnel were deliberately indifferent to the acts of harassment and sexual abuse visited upon the plaintiff. The agency owed a duty to the plaintiff to properly hire, train, retain and supervise the individual defendants which it breached.

4. The West Virginia Division of Corrections is the governmental body which has operated the Huntington Work Release Center since it opened. Since the opening of Huntington Work Release Center, there has existed a continuing practice and pattern of sexual harassment, sexual abuse and sexual exploitation visited upon women at the hands of correctional staff and deliberate indifference thereto. This practice could not continue to occur without the tacit approval of supervisory staff of The West Virginia Division of Corrections and defendant Doe.

Defendant Doe willfully failed to supervise, discipline, deter and to recommend discharge of sexually abusive staff members at Huntington Work Release Center, including defendant Widen and other correctional officers. Doe was deliberately indifferent to the substantial danger that Widen posed to plaintiff.

Appropriate action by Doe would have served as a deterrent and prevented the sexual abuse visited upon plaintiff by defendant Widen.

Exhibit 1

The acts and omissions of defendant Doe are actionable and give rise to legal claims in favor of plaintiff against Doe. Defendant Doe acted in a deliberately indifferent manner to the physical safety, health and well-being of plaintiff.

The Due Process Clause of the Fourteenth Amendment provides a state shall not "deprive any person life, liberty or property, without due process of law." U.S. Const. Amend. XIV. Defendants Doe and Widen:

    A.    committed a Fourteenth Amendment Due Process violation against plaintiff;

    B.    were acting under color of state law while doing so; and,

    C.    engaged in conduct which was a proximate cause of the damages plaintiff has sustained.

5.    Defendant, "John Doe" is an unknown individual or are unknown individuals who are liable unto the plaintiff in damages. Upon information and belief each such individual was, or is, an employee of The West Virginia Division of Corrections.

6.    Defendant Widen was employed by The West Virginia Division of Corrections as a correctional officer assigned to Huntington Work Release Center. During plaintiff's incarceration, defendant Doe conspired with, aided and abetted, acted as a lookout, engaged in acts of reprisal against plaintiff, served as an accessory before and after the fact and acted as a principle with regard to the misconduct of defendant Widen. Defendant Doe was deliberately indifferent to plaintiff's safety and to harm suffered by her at the hands of defendant Widen. Defendant Doe includes any person who concealed the actions of Widen, facilitated plaintiff's exploitation or engaged in retaliation against the plaintiff or assigned Widen to be alone with and supervise plaintiff and other female offenders. Claims are asserted against the agency arising from negligent retention of defendant Widen and Doe; its negligent failure to intervene on plaintiff's behalf; its negligent supervision of defendant Widen and other tort claims as shall be revealed via discovery.

Exhibit 1

7. At all times relevant, the plaintiff was a "convicted person."

8. During plaintiff's incarceration in Huntington Work Release Center, plaintiff sustained a substantial injury due to the misconduct and deliberate indifference of defendants Widen and Doe. The sexual exploitation of plaintiff was discriminatory and gender based.

9. Defendant, The West Virginia Division of Corrections owed a duty to plaintiff to provide a reasonably safe confinement facility, a duty to take reasonable measures to see that inmates were not subjected to cruel and unusual punishment, sexual abuse, sexual harassment or sexual assault by staff.

10. A proximate result of defendant The West Virginia Division of Corrections and Doe's failure to see to plaintiff's safety was that plaintiff was not sufficiently protected from foreseeable serious injury by Widen. Widen was not subjected to pre-hiring psychological testing, as required by law, which was a cause of, and contributed to plaintiff's sexual exploitation.

11. Defendant Doe and other personnel of The West Virginia Division of Corrections otherwise breached a duty to protect plaintiff from a violation of her constitutional, statutory, and common law rights and protections.

## COUNT ONE

12. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 of this complaint as if the same were set forth herein verbatim.

13. The acts and omissions of defendant Widen visited upon plaintiff while incarcerated in Huntington Work Release Center was such as to subject plaintiff to acts of cruel and unusual punishment prohibited by the Eighth Amendment of the Constitution of the United States of America and The West Virginia Constitution.

14. The acts and omissions of defendants Widen and Doe, jointly and severally, visited upon plaintiff while incarcerated in Huntington Work Release Center, were such as to deprive the plaintiff of her right to be secure in her bodily integrity under the Fifth Amendment of the United States Constitution and deprive her of her right to remain free from invasion of her

Exhibit 1

personal security through sexual abuse under its Fifth Amendment.

15. The acts and omissions of defendant Widen and Doe proximately caused an unconstitutional deprival of plaintiff's liberty interests, bodily integrity, right to equal protection of law and right to due process and to be protected from discrimination at the hands of the defendant agency's staff based upon her gender.

16. Defendants Widen and Doe were deliberately indifferent to the safety of plaintiff, thereby, proximately causing her to be exposed to and to suffer foreseeable, substantial physical injury and harm amounting to cruel and unusual punishment. Personal safety while incarcerated constitutes a basic human need in the context of prisoner sexual exploitation by correctional staff. A proximate result of the defendant agency and Doe's failure to see to plaintiff's safety was that plaintiff was not sufficiently protected from foreseeable serious injury and sexual abuse. No individual defendant was subjected to pre-hiring psychological testing, as required by law, and which constitutes violation by the defendant agency of clearly established law, which was a proximate cause of, and contributed to, plaintiff's sexual abuse by Widen.

## COUNT TWO

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint as if the same were set forth herein verbatim.

18. Defendant Widen and Doe's conduct along with that of the defendant agency was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency and so outrageous as to offend community notions of acceptable behavior, giving rise to a claim of compensatory damages against the agency and compensatory and punitive damages against defendant Widen and defendant Doe.

19. The acts and omissions of the defendants, jointly and severally, caused plaintiff to suffer severe emotional distress, giving rise to a claim of compensatory damages against each defendant and punitive damages against defendants Widen and Doe.

20. The emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure the same.

Exhibit 1

## COUNT THREE

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if the same were set forth herein verbatim.

22. State law and common law claims and causes of action are asserted by plaintiff against defendants Widen and Doe as follows:

    (a)     Tort of civil battery;

    (b)     Tort of civil assault;

    (c)     Tort of intentional infliction of emotional distress/ tort of outrage;

    (d)     Tort of negligent infliction of emotional distress; and

    (e)     other causes of action.

## COUNT FOUR

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22 of this Complaint as if the same were set forth herein verbatim.

24. As a direct and proximate result of the conduct of the defendants, jointly and severally, plaintiff has suffered:

    (a)     anxiety, past and future;

    (b)     annoyance and inconvenience;

    (c)     pain and suffering;

    (d)     loss of her ability to enjoy life;

    (e)     physical injury;

    (f)     future medical and pharmaceutical expenses;

    (g)     other damages.

## COUNT FIVE

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if the same were set forth herein verbatim.

26. Defendants Widen, Doe and other staff of The West Virginia Division of Corrections have engaged in a course of conduct which was willful, conspiratory and intended to

Exhibit 1

deny plaintiff certain rights guaranteed by the Constitution of the United States and of this State, federal statutes, state statutes and the common law of West Virginia. No conspiracy allegations are applicable to the governmental entity defendant.

27. Acts of defendants Widen and Doe have constituted "acts in furtherance of a civil conspiracy." A purpose of this conspiracy was to avoid a criminal investigation by federal, state and local law enforcement officials as to the sexual exploitation of plaintiff by defendant and to engage in retaliation against plaintiff and otherwise conspire.

28. Defendant Doe was acting in the scope of his employment when he negligently trained, negligently failed to supervise, negligently retained and negligently hired defendants Widen and Doe. Plaintiff asserts a claim against the governmental entity defendant as being vicariously liable in its negligent employment of defendant Widen, as well as being vicariously liable for its negligent employment of Doe. Plaintiff asserts a claim against defendant Doe and the defendant agency, arising from negligent hiring, negligent retention and negligent supervision of defendants Widen and Doe. Plaintiff asserts a scope of employment claim against defendant agency and Doe as vicariously liable for the negligent acts and omissions of defendant Doe, under the doctrine of *respondent superior*. Negligence of Doe and the agency defendant violated clearly established rights and laws with respect to the training, supervision, discipline, employment and retention of the individual defendants which was a proximate cause of plaintiff's injuries and damages.

No claims are asserted against the state agency under 42 U.S.C. § 1983 as the agency is not a person, nor under the West Virginia Human Rights Act.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, in an amount to fully and fairly compensate her for her damages, compensatory and punitive, including court costs, attorney fees and such and further relief as the Court may deem appropriate. Punitive damages are not claimed against the agency defendant. Plaintiff cites her clearly established rights under The West Virginia Constitution as existent and known to the WVDOC while she was being sexually abused.

Exhibit 1

**PLAINTIFF DEMANDS A TRIAL BY JURY**

              April Youst
              Plaintiff
              By Counsel

_____
Michael A. Woelfel (WVSB# 4106)
801 Eighth Street
Huntington, West Virginia 25701
Telephone (304) 522-6249
Facsimile (304) 522-9282
*Counsel for Plaintiff*

Exhibit 1

```
CASE  18-C-6           KANAWHA                              PAGE    1
APRIL YOUST
                  vs.  C.O. JAMES WIDEN, INDIVIDUALLY

LINE  DATE      ACTION
  1   01/02/18  # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 2 CPYS; F FEE; RCPT
  2             # 557626; $230.00
  3   04/16/18  # SUM W/RET (4/12/18 PER) AS TO JAMES WIDEN
  4   04/16/18  # LET FR SS DTD 4/12/18; SUM W/RET (4/12/18 SS) AS TO WV DIV.
  5             # OF CORRECTIONS
  6   05/04/18  # CASE INFO SHEET; C.O. JAMES WIDEN'S ANS TO P'S W/COS
```

A TRUE COPY
TESTE: [signature] 05/11/18
CIRCUIT COURT KANAWHA COUNTY, W.VA. CLERK

Exhibit 2

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

APRIL YOUST,

    Plaintiff,

v.                                                       CIVIL ACTION NO. 18-C-6
                                                         Honorable Tod J. Kaufman

C.O. JAMES WIDEN, individually and
in his official capacity as a correctional
officer of The West Virginia Division of
Corrections; THE WEST VIRGINIA
DIVISION OF CORRECTIONS;
and JOHN DOE, unknown persons,

    Defendants.

## CONSENT TO REMOVAL

    The Defendant, C.O. James Widen, by counsel, Julie Meeks Greco, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC does hereby consent to the removal of this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia by Defendant, the West Virginia Division of Corrections.

                                                                             C.O. JAMES WIDEN,
                                                                             By Counsel.

_____
Julie Meeks Greco, Esquire (WVSB # 7484)
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
901 Quarrier Street
Charleston WV 25301
*Counsel for C.O. Widen*

Exhibit 3

# Shuman, McCuskey & Slicer PLLC
*Attorneys at Law*

1411 Virginia Street, East  
Suite 200  
P.O. Box 3953  
Charleston, West Virginia 25339  
Telephone 304.345.1400  
Facsimile 304.343.1826  

www.shumanlaw.com

**Lou Ann S. Cyrus**  
email: lcyrus@shumanlaw.com

1445 Stewartstown Road, Suite 200  
Morgantown, West Virginia 26505  
Telephone 304.291.2702  
Facsimile 304.291.2840  

*Reply to Charleston*

May 11, 2018

Cathy S. Gatson  
Clerk, 13th Judicial Circuit  
P. O. Box 2351  
Charleston WV 25328-2351

Re:  Youst *v* WVDOC et al  
     Civil Action No. 18-C-6  
     SMS File No. 1700-1015

Dear Clerk Gatson,

Enclosed for filing in the above-referenced matter, please find the *original* "**Defendant West Virginia Division of Corrections' Notice of Filing Notice of Removal**" a copy of which has this day been served on counsel of record.

Thank you for your assistance in this matter.

Very truly yours,

Lou Ann S. Cyrus

LAC:dld  
Enclosure

cc (w/enc):  Michael A. Woelfel, Esq.  
             Julie Meeks Greco, Esq.

Exhibit 4

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

APRIL YOUST,

        **Plaintiff,**

v.                                    CIVIL ACTION NO. 18-C-6
                                        Honorable Tod J. Kaufman

C.O. JAMES WIDEN, individually and
in his official capacity as a correctional
officer of The West Virginia Division of
Corrections; THE WEST VIRGINIA
DIVISION OF CORRECTIONS;
and JOHN DOE, unknown persons,

        **Defendants.**

## DEFENDANT WEST VIRGINIA DIVISION OF CORRECTIONS' NOTICE OF FILING NOTICE OF REMOVAL

**TO:**    Cathy S. Gatson
            Clerk, 13th Judicial Circuit
            Kanawha County, West Virginia
            P. O. Box 2351
            Charleston WV 25328-2351

            Michael A. Woelfel, Esquire
            Woelfel & Woelfel, LLC
            801 Eighth Street
            Huntington WV 25701
            *Counsel for Plaintiff*

            Julie Meeks Greco, Esquire
            Pullin, Fowler, Flanagan, Brown & Poe, PLLC
            901 Quarrier Street
            Charleston WV 25301
            *Counsel for Defendant Widen*

        Pursuant to 28 U.S.C. § 1441(a), this action is now removed to the United States District Court for the South District of West Virginia. A true and accurate copy of the Notice of Removal filed by this Defendant in the United States District Court for the Southern District of West Virginia in the above referenced matter is attached hereto as **Exhibit A.**

<span style="color:orange">Exhibit 4</span>

Please take notice that, upon the filing of the Notice of Removal with the Clerk of the United States District Court for the Southern District of West Virginia and filing copies thereof with the Clerk of this Court, the Defendant has affected removal and the Circuit Court of Kanawha County shall proceed no further unless and until the case is remanded pursuant to 28 U.S.C. §1446(d).

                        **THE WEST VIRGINIA DIVISION OF CORRECTIONS,**
                        **By Counsel.**

_/s/ Lou Ann S. Cyrus_
Lou Ann S. Cyrus, Esquire (WVSB # 6558)
Dominick R. Pellegrin, Esquire (WVSB #12276)
Shuman, McCuskey & Slicer, PLLC
Post Office Box 3953
Charleston, WV 25339-3953
Telephone: (304) 345-1400
Fax: (304) 343-1826
Email: lcyrus@shumanlaw.com
        dpellegrin@shumanlaw.com

Exhibit 4

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

APRIL YOUST,

    Plaintiff,

v.                                               CIVIL ACTION NO. 18-C-6
                                              Honorable Tod J. Kaufman

C.O. JAMES WIDEN, individually and
in his official capacity as a correctional
officer of The West Virginia Division of
Corrections; THE WEST VIRGINIA
DIVISION OF CORRECTIONS;
and JOHN DOE, unknown persons,

    Defendants.

## CERTIFICATE OF SERVICE

I, Lou Ann S. Cyrus / Dominick R. Pellegrin, counsel for the West Virginia Division of Corrections, do hereby certify that I have served true and exact copies of the foregoing *Defendant West Virginia Division of Corrections' Notice of Filing Notice of Removal* on counsel of record, via the United States Postal Service, by placing the same in a stamped envelope, addressed as follows:

                Michael A. Woelfel, Esquire
                  Woelfel & Woelfel, LLC
                     801 Eighth Street
                   Huntington WV 25701
                    *Counsel for Plaintiff*

                Julie Meeks Greco, Esquire
      Pullin, Fowler, Flanagan, Brown & Poe, PLLC
                    901 Quarrier Street
                   Charleston WV 25301
                 *Counsel for C.O. Widen*

Dated this 11th day of May, 2018.

                                                          _____
                                                    Lou Ann S. Cyrus, Esq. (WVSB 6588)
                                                   Dominick R. Pellegrin, Esq. (WVSB 12276)

Exhibit 4

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**APRIL YOUST,**

    **Plaintiff,**

**v.**                                             **CIVIL ACTION NO. _____**

**C.O. JAMES WIDEN, individually and in his official capacity
as a correctional officer of The West Virginia Division of
Corrections; and THE WEST VIRGINIA DIVISION OF CORRECTIONS;
And JOHN DOE, unknown person or persons,**

    **Defendants.**

## DEFENDANT WEST VIRGINIA DIVISION OF CORRECTIONS' NOTICE OF REMOVAL

**TO:**    Cathy S. Gatson
           Clerk, 13th Judicial Circuit
           Kanawha County, West Virginia
           P. O. Box 2351
           Charleston WV 25328-2351

           Michael A. Woelfel, Esquire
           Woelfel & Woelfel, LLC
           801 Eighth Street
           Huntington WV 25701
           *Counsel for Plaintiff*

           Julie Meeks Greco, Esquire
           Pullin, Fowler, Flanagan, Brown & Poe, PLLC
           901 Quarrier Street
           Charleston WV 25301
           *Counsel for Defendant Widen*

Now comes the Defendant, the West Virginia Division of Corrections ("WVDOC"), by counsel, Lou Ann S. Cyrus, Dominick R. Pellegrin, and the law firm of Shuman, McCuskey & Slicer, PLLC, pursuant to 28 U.S.C. §1441, and states that it has removed this action from the Circuit Court of Kanawha County, West Virginia, to the United States District for the Southern District of West Virginia upon the following grounds:

**DEFENDANT'S EXHIBIT A**
Exhibit 4

1. On or about April 12, 2018, the WVDOC was served with a copy of a Summons and Complaint in an action commenced in the Circuit Court of Kanawha County, West Virginia, styled *April Youst v. C.O. James Widen, individually and in his official capacity as correctional officer of the West Virginia Division of Corrections; and the West Virginia Division of Corrections; and John Doe, unknown person or persons* Civil Action No. 18-C-6 through service upon a properly appointed agent or officer of the WVDOC. Copies of this Summons and Complaint along with the docket sheet for this action pending in Kanawha County, West Virginia, are attached hereto as **Exhibits 1 and 2**, respectively as required by 28 U.S.C. §1446(a).

2. This Notice of Removal has been filed and lodged with the Court of Kanawha County, West Virginia. Prior to filing this Notice, Defendant Widen served his Answer to Plaintiff's Complaint upon counsel of record on May 2, 2018. No further proceedings have been had therein.

3. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1331, in that the Complaint reveals a federal question, and is, therefore, one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a).

    a. Plaintiff, April Youst asserts that while she was an inmate at the Huntington Work Release Center she was subjected to sexual abuse, harassment, and exploitation by C.O. Widen.

    b. In her Complaint, she asserts theories of liability against C.O. Widen, the WVDOC, and John Doe(s), including, but not limited to, violation of Plaintiff's Eighth and Fifth Amendment rights of the Constitution of the United States of America pursuant to 42 U.S.C. § 1983 (*Cmplt.*, ¶¶ 1, 14, 15, 16, 28); and claims

Exhibit 4

for violation of the Eighth Amendment under the West Virginia Constitution; (*Id*).

4. Notice of Removal is filed timely.

5. Defendant, C.O. James Widen, by counsel, Julie Meeks Greco, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC has consented to removal of this civil matter to the United States District for the Southern District of West Virginia. A copy of the Consent for Removal to the United States District for the Southern District of West Virginia is attached hereto as **Exhibit 3.**

6. The Kanawha County Circuit Court docket sheet **(Exhibit 2)** does not reflect a return of service for putative defendant(s) John Doe. *See* **Exhibit 2**.

7. Pursuant to 28 U.S.C. § 1446(b), notice of this removal is being filed with the Circuit Clerk of Kanawha County, West Virginia, and upon all counsel of record. *See* **Exhibit 4**.

WHEREFORE, Defendant, WVDOC has removed this action from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia. No further proceedings in this action can be had in the Circuit Court of Kanawha County unless and until the case is remanded pursuant to 28 U.S.C. §1446(d).

               **THE WEST VIRGINIA DIVISION OF CORRECTIONS,**
               **By Counsel.**

**/s/ Lou Ann S. Cyrus**
Lou Ann S. Cyrus, Esquire (WVSB # 6558)
Dominick R. Pellegrin, Esquire (WVSB #12276)
Shuman, McCuskey & Slicer, PLLC
Post Office Box 3953
Charleston, WV 25339-3953
Telephone: (304) 345-1400
Fax: (304) 343-1826
Email: lcyrus@shumanlaw.com
       dpellegrin@shumanlaw.com

Exhibit 4

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**APRIL YOUST,**

    **Plaintiff,**

v.                                                      **CIVIL ACTION NO. _____**

**C.O. JAMES WIDEN, individually and in his official capacity
as a correctional officer of The West Virginia Division of
Corrections; and THE WEST VIRGINIA DIVISION OF CORRECTIONS;
And JOHN DOE, unknown person or persons,**

    **Defendants.**

## CERTIFICATE OF SERVICE

      I, Lou Ann S. Cyrus / Dominick R. Pellegrin, counsel for the West Virginia Division of Corrections, do hereby certify that I have served true and exact copies of the foregoing *Defendant West Virginia Division of Corrections' Notice of Removal* on counsel of record, via the United States Postal Service, by placing the same in a stamped envelope, addressed as follows:

Michael A. Woelfel, Esquire
Woelfel & Woelfel, LLC
801 Eighth Street
Huntington WV 25701
*Counsel for Plaintiff*

Julie Meeks Greco, Esquire
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
901 Quarrier Street
Charleston WV 25301
*Counsel for C.O. Widen*

      Dated this 11th day of May, 2018.

                                                        **/s/ Lou Ann S. Cyrus**
                                                        Lou Ann S. Cyrus, Esq. (WVSB 6588)
                                                        Dominick R. Pellegrin, Esq. (WVSB 12276)

Exhibit 4